MAY TERM, 1919.    637

Maryland Casualty Co. *v.* Knight & Jillson Co.—70 Ind. App. 637.

---

MARYLAND CASUALTY COMPANY *v.* KNIGHT AND
, JILLSON COMPANY.

[No. 9,917.    Filed June 25, 1919.]

INSURANCE.—*Employer's Liability Insurance.—Subrogation.—Action.—Complaint.—Sufficiency.*—Where an employer's liability company, after paying a judgment obtained against insured employer by an employe injured by the explosion of an alleged defective boiler tube, and the company which sold the tube to the employer on the theory of subrogation of the employer's right of action for breach of implied warranty, the complaint *held* insufficient for want of facts in that it failed to aver that the explosion of the tube resulted from its alleged defective construction.

From Marion Superior Court (93,947) ; *V. G. Clifford,* Judge.

Action by the Maryland Casualty Company against the Knight and Jillson Company.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*James E. Rocap,* for appellant.

638 APPELLATE COURT OF INDIANA,

Maryland Casualty Co. *v.* Knight & Jillson Co.—70 Ind. App. 637.

*Gavin & Gavin,* for appellee.

Enloe, J.—This was an action by appellant against appellee to recover damages for breach of an alleged implied contract of warranty.

The complaint, omitting formal parts, was, in so far as is material to the decision of the question involved in the appeal, as follows: "Plaintiff complains of the defendants and each of them and for a cause of action says that plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Maryland, and as such corporation is engaged in the State of Indiana in employers' liability insurance and has been so engaged for ten years continuously last past; that defendant Knight & Jillson Company is a corporation duly organized and existing under and by virtue of the laws of the State of Indiana, and was during the year of 1907 and 1908 and is now engaged in the business of vending, jobbing, and selling hardware and boiler tubes and flues; that defendant Crane Company is a corporation of the State of Illinois and such corporation now has in its possession large amounts of the assets of said Knight & Jillson Company owned by the latter company in the years 1906, 1907, 1908, 1909, 1910, 1911, 1912 and 1913; that on or about June 27th, 1905, plaintiff entered into a certain written contract of employers' liability insurance with Kingan & Company, Ltd., a corporation organized and existing under and by virtue of the laws of Great Britain and Ireland which was then and continuously since then is engaged in carrying on a manufacturing business in Indianapolis, Marion County, Indiana, by which contract plaintiff agreed to insure the said Kingan & Company, Ltd., against loss from liability by reason of injuries

to employees of said Kingan & Company and by reason of judgments in court by reason of such injuries; that on or about February 29, 1908, one William E. King who was then and there an employee of said Kingan & Company, Ltd., received personal injuries by reason of being scalded and burned by the explosion of one certain boiler tube installed in the plant of said Kingan & Company, Ltd., as a part of the boiler system thereof and thereafter the said King filed suit in said County and State against said Kingan & Company on the ground that he received said injuries by reason of the negligence of the latter company and thereafter on or about July 2nd, 1910, the said court entered judgment against said Kingan & Company for the sum of Seventy-five Hundred ($7,500.00) dollars and costs upon the verdict in the same cause of action in favor of said William E. King against the said Kingan & Company, Ltd., that thereafter the defendant in such cause of action appealed such cause to the Supreme Court of said State of Indiana and on February 20, 1913, said judgment was in all things affirmed by the Supreme Court of Indiana; that thereafter by reason of said contract of insurance this plaintiff paid to and for the use of said Kingan & Company, Ltd., the sum of Five Thousand One Hundred forty-nine dollars and forty-five cents ($5,149.45) such sum being the total amount due said Kingan & Company under the provisions of said policy and contract on account of the said Kingan & Company, Ltd., loss by reason of liability on account of said personal injuries to said William E. King, and plaintiff alleges that it was compelled to and obligated to make such payment of last-named sum to said Kingan & Company, Ltd., under the provisions of the said contract.

And plaintiff alleges that by reason of such payment of the last-named sum that it is subrogated by operation of law to all the rights and choses in action of said Kingan & Company, Ltd., against defendants and each of them on account of said loss from liability, to the extent of ($5,149.45) Five Thousand one hundred forty-nine dollars and forty-five cents; that on or about December, 1907, defendant Knight & Jillson Company sold and delivered said tube which exploded as aforesaid to Kingan & Company, Ltd., for the specific purpose of being used in the boiler of the latter company's plant, and plaintiff avers that then and there such tube was defective in this that said tube was improperly welded, weak, and infirm and had a weld of only one thirty-sixth (1/36th) more or less of an inch of a weld and plaintiff avers that the proper and safe dimensions of such weld should have been one-fourth (1/4) of an inch more or less; that said defective condition of said tube was concealed from view and from sight by reason of the fact that such defective condition was on the inside of said tube and inside of such weld and completely covered and concealed from the view of said Kingan & Company and the latter company could not have discovered such defective condition without tearing open such tube, breaking and destroying the same; that said Kingan & Company relied upon defendant Knight & Jillson Company to furnish safe and fit tubes for the use of such boiler and relied upon the name and reputation of said Knight & Jillson Company for the furnishing of said safe and fit tubes for said boiler and defendant Knight & Jillson Company was then and there and at all times mentioned herein fully aware of such reliance and the said Knight & Jillson Com-

pany at the time of the sale of said tubes and said defective tube impliedly warranted to the said Kingan & Company, Ltd., that said boiler tubes and said defective tube was and were free from defects and fit for the purpose intended for the same, namely, to serve as a part of the boiler system of said Kingan & Company, Ltd., in heating and furnishing power for its said plant; that defendant Knight & Jillson Company sold said defective tube to said Kingan & Company and delivered the same to the latter for the specific purpose of its use in such boiler, and then and there well knew of such intended purpose and use; that said defective tube was installed in said boiler by said Kingan & Company and was used and operated therein as a part of said boiler for a period of time of one week more or less and at the end of such period said defective tube burst and exploded and injured the said William E. King as aforesaid; that by reason of the sale to said Kingan & Company, Ltd., by said defendant Knight & Jillson Company of said defective tube and by reason of its explosion as aforesaid, plaintiff alleges that defendant Knight & Jillson Company breached said implied warranty by which plaintiff avers that defendant Knight & Jillson Company impliedly warranted to said Kingan & Company that said tube which exploded, was sound, and fit for the purpose intended as hereinbefore described and by reason of such breach plaintiff avers that said Kingan & Company was rendered liable for said loss from liability, and plaintiff lost and was compelled to pay the said sum of Five Thousand one hundred forty-nine dollars and twenty-five cents ($5,149.25) * * *."

642     APPELLATE COURT OF INDIANA,

Maryland Casualty Co. *v.* Knight & Jillson Co.—70 Ind. App. 637.

To this complaint appellee demurred for want of facts, with which demurrer it duly filed its memorandum of deficiencies. The demurrer was sustained, and, appellant refusing to further plead, judgment was rendered against it, that it take nothing by its complaint, and that appellee recover its costs. From this judgment this appeal is prosecuted, and the only question involved is the one as to the sufficiency of the complaint.

It will be noted that, while the complaint in question alleges a defect in construction of said "tube," it does not seek to recover the usual damages therefor. The damage sought to be recovered is special damage only.

Conceding, without deciding the same—for such decision is not necessary to the decision in this case, and we therefore do not decide the question—that upon proper complaint the present action will lie, yet it is so clear that appellant did not, and under the circumstances alleged it could not, have any greater right in the premises than the purchaser of said "tube," Kingan and Company had as to need no citation of authority. Appellant is seeking to be subrogated *to the alleged rights of Kingan and Company, and to recover thereon* against appellee. If Kingan and Company could not maintain this action, appellant cannot.

In the case at bar, what caused the explosion? For aught that is alleged in this complaint, it may have been the negligence of the engineer in allowing the water in the boiler to get too low, excessive steam pressure, failure of pump to work, etc.

It is not alleged that said "tube" exploded *as a result of defective construction.* The special damages

claimed grow out of the said alleged explosion, and the complaint by its allegations not connecting said alleged defect and said explosion by proper averments was not good as against the demurrer interposed. Other insufficiencies of said complaint are urged, but they need not be noticed.

The judgment is affirmed.